IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CARLA GIBSON, *et al.*                                                                    PLAINTIFFS

V.                                      CASE NO. 16-CV-1035

CLEAN HARBORS ENVIRONMENTAL
SERVICES, INC.                                                                             DEFENDANT

V.

BIOLAB, INC., a/k/a BIO-LAB, INC.,
a/k/a BIO LAB, INC.                                                          THIRD-PARTY DEFENDANT

**ORDER**

Before the Court is the Report and Recommendation filed on June 28, 2016 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 15).  Judge Bryant recommends that Plaintiffs' Motion to Remand (ECF No. 9) be granted and that Plaintiffs' case be remanded to the Circuit Court of Union County.  Defendant Clean Harbors Environmental Services, Inc., has filed objections to the Report and Recommendation.  (ECF No. 16).  Plaintiffs have filed a response to Defendant's objections. (ECF No. 18).  After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation as its own.

Judge Bryant recommends that this case be remanded because Defendant's May 9, 2016 removal was untimely pursuant to 28 U.S.C. § 1446(b).  More specifically, Judge Bryant found that Defendant removed this action more than 30 days after receiving correspondence from Plaintiffs that unambiguously demonstrated that federal jurisdiction exists pursuant to the Class Action Fairness Act ("CAFA").  Defendant makes two primary objections to the Report and Recommendation:  (1) Judge Bryant applied the wrong standard of review for removal, and (2)

the March 11, 2016 correspondence from Plaintiffs was speculative and insufficient to give Defendant notice that the case was removable under CAFA.

Defendant is correct in pointing out that the strict standard for ordinary removal cases is not generally applicable to cases removed under CAFA. In other words, cases invoking CAFA do not carry an "antiremoval presumption." *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). Nonetheless, the validity of Judge Bryant's analysis does not change even when taking into account that CAFA's provisions should be read broadly in order to expand federal jurisdiction over class actions. The dispute in this case simply requires the Court to determine whether Defendant complied with the general removal statute requiring that an action be removed within 30 days of a defendant receiving a pleading or other paper that demonstrates that the case is removable. Upon review of Defendant's objections and Judge Bryant's well-reasoned analysis, the Court finds that, at the latest, the March 11, 2016 correspondence provided the information needed for Defendant to determine that this matter was removable under CAFA. Accordingly, Defendant's May 9, 2016 removal was untimely.

The Court overrules Defendant's objections and adopts Judge Bryant's Report and Recommendation. (ECF No. 15). For the reasons stated herein and above, as well as those contained in the Report and Recommendation, this matter is hereby **REMANDED** to the Circuit Court of Union County, Arkansas for a proper adjudication of the issues in this case. The Court declines to award attorney's fees and costs upon remand of this case.

**IT IS SO ORDERED**, this 20th day of July, 2016.

    /s/ Susan O. Hickey
Susan O. Hickey
United States District Judge